Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| CARLOS LUIS CÁCERES PIZARRO<br><br>Recurrente<br><br>V.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrido | KLRA202400277 | *Revisión de Decisión Administrativa* procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm.: 139164<br><br>Sobre:<br>No Jurisdicción Revocación de LBP |
|---|---|---|

Panel integrado por su presidente; el Juez Rivera Colón, la Juez Lebrón Nieves y el Juez Rodríguez Flores

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 23 de julio de 2024.

El 14 de mayo de 2024, compareció ante este Tribunal de Apelaciones, por derecho propio y en forma *pauperis*, el señor Carlos L. Cáceres Pizarro (en adelante, parte recurrente o señor Cáceres Pizarro), por medio de escrito intitulado *Solicitud de Revisión (Reconsideración) Ante el Alto Foro*. A través del aludido escrito nos solicita que revisemos la *Resolución* emitida por la Juntad de Libertad Bajo Palabra (en adelante, parte recurrida o JLBP), el 18 de marzo de 2024, y notificada el 22 de abril de 2024. En virtud de la aludida resolución, la JLBP resolvió que carecía de jurisdicción.

Por los fundamentos que adelante se esbozan, se confirma la *Resolución* recurrida.

**I**

Conforme se desprende del expediente, el señor Cáceres Pizarro cumple una sentencia de 101 años por los delitos de asesinato en primer grado, robo, conspiración y resistencia u obstrucción a la autoridad pública del Código Penal de Puerto Rico;

Número Identificador

SEN2024 _____

infracciones a los Artículos 6 y 8 de la *Ley de Armas de Puerto Rico*; Artículo 2 de la Ley Núm. 115-2011, según enmendada, Ley para Establecer Restricciones al Uso de Teléfonos Celulares a Personas Confinadas en las Instituciones Penales de Puerto Rico, y al Artículo 404 de la Ley Núm. 4-1971, según enmendada, Ley de Sustancias Controladas de Puerto Rico.

El señor Cáceres Pizarro, gozó del privilegio de libertad bajo palabra desde el 6 de noviembre de 2018, hasta el 1 de septiembre de 2021. Este fue ingresado en el sistema correccional debido a que la JLPB emitió una orden de arresto en su contra por alegada violación a las condiciones número 9, 12 y 19 del *Mandato de Libertad Bajo Palabra.*

Posteriormente, fue celebrada la *Vista Final* a través de video conferencia. Luego de evaluar la prueba presentada, el 4 de noviembre de 2021, la JLBP emitió *Resolución*, donde recovó el privilegio de libertad bajo palabra concedido al señor Cáceres Pizarro, y así, ordenó devolver su custodia legal al Departamento de Corrección y Rehabilitación. Insatisfecho con dicha determinación, el 3 de diciembre de 2021, la parte recurrente presentó la *Moción Solicitando Reconsideración.*

Transcurridos varios trámites procesales, el señor Cáceres Pizarro instó un recurso ante esta curia. Este fue resuelto mediante *Sentencia* emitida el 18 de abril de 2022, con identificación alfanumérica KLRA202200010. Resolvimos revocar la *Resolución* recurrida en ese entonces, y devolver el caso a la JLBP para que se celebrara una nueva vista final.

Así las cosas, el 6 de diciembre de 2022, la JLBP emitió una *Resolución* sobre la vista final de reconsideración celebrada el 27 de octubre de 2022, donde determinó revocar el privilegio de libertad bajo palabra de la parte recurrente, por violación a las condiciones del *Mandato de Libertad Bajo Palabra.*

Luego de varias incidencias procesales, innecesarias pormenorizar, el 10 de julio de 2023, la JLB recibió el *Informe para Posible Libertad Bajo Palabra* preparado por la técnico de servicio socio penal, Zoraida Pérez. De igual forma, surge del expediente administrativo dos informes intitulados *Informe de Breve de Libertad Bajo Palabra*, con fechas del 21 de julio y 3 de agosto de 2023.

Consecuentemente, la JLPB emitió la *Citaci[ó]n Para Vista*, donde señaló vista sobre consideración para libertad bajo palabra para el 28 de octubre de 2023. El 19 de octubre de 2023, mediante *Resolución*, la JLBP suspendió la vista de consideración de libertad bajo palabra. Posteriormente, mediante *Notificación* emitida el 13 de diciembre de 2023, la JLPB notificó que la vista de consideración de libertad bajo palabra sería celebrada el 24 de febrero de 2024.

Luego de celebrada la vista el 24 de febrero de 2024, la JLBP emitió la *Resolución* en la que realizó las siguientes conclusiones de hechos:

La Ley Núm. 118 del 22 de julio de 1974, según enmendada, en el Artículo 3 (b) establece lo siguiente:

(b) En el uso de su discreción y tomando en cuenta la evaluación de la Administración de Corrección, tendrá facultad para revocar la libertad bajo palabra a cualquier liberado que, por su conducta, revele no estar aún preparado para beneficiarse plenamente del privilegio y el tratamiento que implica la libertad bajo palabra.

Por su parte, el **Reglamento de la Junta de Libertad Bajo Palabra, Número 9232-2020** en el Artículo VIL, Sección 7.4 establece lo siguiente:

A. En los casos revocados por violación de condiciones, el peticionario cumplirá la mitad del remanente de su sentencia para que la Junta pueda adquirir jurisdicción y vuelva a considerarlo para libertad bajo palabra.

B. En los casos revocados por la comisión de nuevo delito, la Junta adquirirá jurisdicción nuevamente cuando el peticionario cumpla el término mínimo de reclusión requerido para que la Junta asuma jurisdicción por el nuevo delito.

      C.   **Cuando la Junta Revoque el privilegio y el peticionario se encuentre cumpliendo una sentencia de reclusión perpetua o una sentencia por noventa y nueve (99) años o más, la Junta adquirirá jurisdicción nuevamente cuando el peticionario cumpla dos (2) años naturales de reclusión a partir de la revocación**.

      D.   Si la mitad remanente fuese de un (1) año o menos, la Junta no considerará nuevamente el caso para la libertad bajo palabra, salvo situaciones excepcionales.

Conforme a lo anterior, y a las disposiciones de la Ley Núm. 118, la JLBP emitió lo siguiente:

### ORDEN

La Junta de Libertad Bajo Palabra carece de jurisdicción en el presente caso, debido a que no ha transcurrido el término de dos (2) años naturales desde que se le revocó el privilegio de libertad bajo palabra al peticionario el 6 de diciembre de 2022.

Cítese al peticionario nuevamente una vez hayan transcurrido dos (2) años naturales desde la fecha de la revocación del privilegio de libertad bajo palabra, entiéndase a partir del **6 de diciembre de 2024**.

Inconforme con tal determinación, el señor Cáceres Pizarro acudió ante esta Curia el 14 de mayo de 2024[1], aunque no realizó ningún señalamiento de error, nos solicitó que revisáramos la aludida *Resolución* del 18 de marzo de 2024[2].

Por otro lado, el 1 de julio de 2024, la parte recurrida presentó el *Alegato en Oposición.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

### II

**A.** *Estándar de Revisión Judicial de Determinaciones Administrativas*

Según es sabido, los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, puesto que, estas cuentan con vasta experiencia y

---

[1] Recibido el 29 de mayo de 2024.
[2] Notificada el 22 de abril de 2024.

pericia para atender aquellos asuntos que se les han sido delegados por la Asamblea Legislativa. *OEG v. Martínez Giraud*, 210 DPR 79 (2022); *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99 (2023); *Pérez López v. Depto. Corrección*, 208 DPR 656, 672 (2022); *Super Asphalt v. AFI y otros*, 206 DPR 803, 819 (2021).[3] Es por ello, que, tales determinaciones suponen una presunción de legalidad y corrección, que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas. *Íd.*; *OEG v. Martínez Giraud*, supra, pág. 89; *Hernández Feliciano v. Mun. Quebradillas*, supra, pág. 114; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216 (2012). No obstante, tal norma no es absoluta, es por lo que, nuestro Máximo Foro ha enfatizado que no podemos imprimirle un sello de corrección, so pretexto de deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho.

En *Torres Rivera v. Policía de PR*, supra, pág. 628, nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la forma siguiente:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero tal deferencia cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que **si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida**. (Énfasis suplido).[4]

---

[3] Véase también: *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26,35 (2018); *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016); *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010).
[4] Véase *Super Asphalt v. AFI y otros*, supra, págs. 819-820.

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad. *OEG v. Martínez Giraud*, supra, pág. 89; *Super Asphalt v. AFI y otros*, supra, pág. 820; *Graciani Rodríguez v. Garaje Isla Verde*, supra, pág. 127; *Torres Rivera v. Policía de PR*, supra, pág. 626. Bajo este criterio, se limita la revisión judicial a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un abuso de discreción. *Íd.*; *Pérez López v. Depto. Corrección*, supra, pág. 673; *OEG v. Martínez Giraud*, supra, pág. 90; *Super Asphalt v. AFI y otros*, supra, pág. 819-820; *Graciani Rodríguez v. Garaje Isla Verde*, supra, pág. 127; *Rolón Martínez v. Supte. Policía*, supra, pág. 36; *Batista, Nobbe v. Jta. Directores*, pág. 216.

Bajo este supuesto, la Sec. 4.5 de la Ley Núm. 38 del 30 de junio de 2017, 3 LPRA 9675, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), "estableció el marco de revisión judicial de las agencias administrativas". *Rolón Martínez v. Supte. Policía*, supra, pág. 35. La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si las conclusiones de derecho del ente administrativo fueron correctas. *Íd.* págs. 35-36; *OEG v. Martínez Giraud*, supra, pág. 90*; Torres Rivera v. Policía de PR*, supra, págs. 626-627; *Hernández Feliciano v. Mun. Quebradillas*, supra, pág. 115; *Batista, Nobbe v. Jta. Directores*, supra, pág. 217; Sec. 4.5 de la LPAU, 3 LPRA sec. 9675. Nuestro Máximo Foro, ha expresado que, esta intervención "debe ocurrir cuando la decisión administrativa no se fundamente en evidencia sustancial o cuando la agencia se equivoque en la aplicación de la ley". *Rolón Martínez*

*v. Supte. Policía,* supra, pág. 36. Siendo así, aquellas determinaciones de hechos formuladas por el ente administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Íd; OEG v. Martínez Giraud,* supra, pág. 90; *Super Asphalt v. AFI y otros,* supra, pág. 819-820; *Hernández Feliciano v. Mun. Quebradillas*, supra, pág. 115. Por otro lado, las determinaciones de derecho pueden ser revisadas en su totalidad. *Rolón Martínez v. Supte. Policía,* supra, pág. 36; *Torres Rivera v. Policía de PR,* supra, pág. 627; Sec. 4.5 LPAU, 3 LPRA sec. 9675. No obstante, los tribunales deberán darles peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra. *Rolón Martínez v. Supte. Policía,* supra, págs. 36-37; *Torres Rivera v. Policía de PR,* supra, pág. 627. El Tribunal Supremo ha dispuesto que, la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: "(1) erró al aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales. *Íd.* págs. 627-628; *OEG v. Martínez Giraud,* supra, pág. 90. Finalmente, nuestra más Alta Curia ha expresado que, conforme lo anterior, el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que promueve. Así, "la deferencia judicial al *expertise* administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia". *Íd.*

### B. Junta de Libertad Bajo Palabra

El sistema de libertad bajo palabra se encuentra reglamentado por la Ley Núm. 118 de 22 de julio de 1974, según enmendada, 4 LPRA secs. 1501 *et seq.* La libertad bajo palabra permite que, una persona que hubiese sido convicta y sentenciada a un término de reclusión, cumpla la última parte de su sentencia fuera de la institución penal, sujeto a las condiciones que se impongan para conceder dicha libertad. *Benítez Nieves v. ELA et al.,* 202 DPR 818, 825 (2019). Este beneficio tiene el propósito principal de ayudar a los confinados a reintegrarse a la sociedad. 4 LPRA sec. 1503. Además, es un componente del proceso de rehabilitación del confinado. Se considera que mientras disfrutan del mismo están, técnicamente, extinguiendo su condena. (Citas omitidas). *Rivera Beltrán v. JLBP*, 169 DPR 903, 918 (2007). Al conceder este privilegio, la Junta de Libertad Bajo palabra podrá imponer las condiciones que entienda necesarias. 4 LPRA sec. 1503; *Benítez Nieves v. ELA et al.*, supra, pág. 825. Lo que quiere decir que, el que goce de ese privilegio tendrá una libertad cualificada. *Íd.* Las condiciones a imponerse, "restringen las actividades del liberado más allá de las restricciones comunes que se le imponen por ley a cada ciudadano". *Íd.* La concesión de este privilegio no constituye un derecho a reclamarse, pues al ser un privilegio legislativo, dependerá de la discreción de la Junta de Libertad Bajo Palabra. *Pueblo v. Negrón Caldero*, 157 DPR 413, 420 (2002).

Nuestro Máximo Foro ha dispuesto que, la Junta de Libertad Bajo palabra tiene la facultad para revocar el privilegio de libertad bajo palabra. En lo pertinente, dispuso lo siguiente:

> El Art. 5 de la Ley Núm. 118, 4 LPRA sec. 1505, establece el procedimiento de revocación que debe seguir la Junta. Además, dispone que la Junta o cualquiera de sus miembros están autorizados, luego de una investigación preliminar de la Administración de Corrección que revele la infracción de alguna condición del privilegio, para ordenar el arresto y la reclusión de

cualquier liberado de manera que sea confinado en la institución que designe el Administrador de Corrección. En la orden de arresto se notificará al liberado de la infracción alegada, de sus derechos y de que se celebrará una vista sumaria inicial. El liberado permanecerá recluido mientras la Junta actúa sobre cualquier imputación de violar alguna condición de la libertad bajo palabra.[5]

Por otro lado, en virtud del Art. 5 de la Ley Núm. 118, *supra*, la Junta de Libertad Bajo Palabra tiene autoridad para promulgar las reglas y reglamentos que entienda convenientes para el mejor cumplimiento de las disposiciones del precitado artículo. *Benítez Nieves v. ELA et al.*, supra, pág. 826. Bajo este supuesto, la Junta de Libertad Bajo Palabra adoptó el Reglamento Núm. 9232 de 18 de noviembre de 2020 (Reglamento Núm. 9232). Ahora bien, respecto a la jurisdicción de la Junta de Libertad Bajo Palabra, el Art. VII, sección 7.4 dispone lo siguiente respecto a las instancias en las que se haya revocado el privilegio de un peticionario:

C. Cuando la Junta revoque el privilegio y el peticionario se encuentre cumpliendo una sentencia de reclusión perpetua o una sentencia por noventa y nueve (99) años o más, la Junta adquirirá jurisdicción nuevamente cuando el peticionario **cumpla dos (2) años naturales de reclusión a partir de la revocación**. (*Énfasis nuestro*).

Esto significa que, en aquellos casos en donde la sentencia de reclusión sea de noventa y nueve (99) años o más, y la Junta de Libertad Bajo Palabra haya revocado el privilegio, esta adquirirá nuevamente jurisdicción cuando hayan transcurrido dos (2) años naturales desde que se haya revocado el privilegio.

Esbozada la norma jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

### III

Según mencionáramos, en su recurso, el señor Cáceres Pizarro nos solicita que revisemos la *Resolución* emitida por la JLBP.

---

[5] *Íd.* págs. 825-826.

Conforme reseñáramos, el 6 de diciembre de 2022, la JLBP emitió una *Resolución* sobre la vista final de reconsideración celebrada el 27 de octubre de 2022, donde determinó revocar el privilegio de libertad bajo palabra de la parte recurrente, por violación a las condiciones del *Mandato de Libertad Bajo Palabra.*

Así las cosas, el 24 de febrero de 2024, fue celebrada la vista de consideración de libertad bajo palabra. Posteriormente, la JLBP emitió la *Resolución* cuya revisión nos ocupa, en virtud de la cual resolvió que carecía de jurisdicción por motivo de que, no había transcurrido el término de dos (2) años naturales desde que se le recovó el privilegio de libertad bajo palabra al señor Cáceres Pizarro.

De acuerdo al derecho expuesto, el Reglamento Núm. 9232, en su Art. VIII, sección 7.4 dispone que:

> **C.** Cuando la Junta revoque el privilegio y el peticionario se encuentre cumpliendo una sentencia de reclusión perpetua o una sentencia por noventa y nueve (99) años o más, la Junta adquirirá jurisdicción nuevamente cuando el peticionario **cumpla dos (2) años naturales de reclusión a partir de la revocación**. (*Énfasis nuestro*).

En el caso de epígrafe, el señor Cáceres Pizarro se encuentra cumpliendo una sentencia de reclusión de ciento un (101) años, lo que significa que, es necesario que transcurran dos (2) años naturales desde la fecha en que se le revocó el privilegio de libertad bajo palabra para que la JLBP pueda adquirir jurisdicción nuevamente. Debido a que la fecha en que su privilegio de libertad bajo palabra fue revocado fue el 6 de diciembre de 2022, no será hasta el 6 de diciembre de 2024 que la JLBP podrá adquirir jurisdicción sobre su caso.

Ante la ausencia de una actuación arbitraria, ilegal, irrazonable o que constituya un abuso de discreción por parte de la agencia administrativa, razonamos que resulta innecesario variar su determinación.

**IV**

Por los fundamentos que anteceden, se confirma la *Resolución* recurrida.

Notifíquese a las partes, al Procurador General y al Secretario del Departamento de Corrección y Rehabilitación. El Administrador de Corrección deberá entregar copia de esta *Resolución* al confinado, en cualquier institución donde este se encuentre.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones